**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| COREY PRESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   2:12-cv-222-JMS-WGH |
| | ) |
| BRUCE LEMMON, Superintendent, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Insufficient Claims
and Directing Further Proceedings**

Corey Preston, an inmate at the Putnamville Correctional Facility, was involved in a physical altercation with an offender, D. Kendrick, on September 12, 2010. This altercation and the circumstances which followed are the subject of this civil action against twelve defendants, including Kendrick. Preston's complaint alleges violations of state and federal law. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

**I.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Pro se complaints such as that filed by Preston are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999; *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

## II.

### A.

Applying the foregoing standards, the claims which must be dismissed at this point are the following:

Claims against Officer Burton, Officer Lawson, and Officer Gilrieth are dismissed because there is no allegation in the complaint that these defendants personally deprived Preston of any federally secured right. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility."). Officers Burton and Lawson are alleged to have responded to Officer R. James' distress call and Officer Gilrieth is alleged to have escorted Preston (at Lt. Fuson's request) to the captain's office. ABecause vicarious liability is inapplicable to . . .' 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.@ *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Similarly, claims against Superintendent Bruce Lemmon are dismissed. There is no allegation that he was personally responsible for any violation of Preston's Eighth Amendment rights, nor are there any allegations to plausibly suggest that he harassed, assaulted or battered anyone.

Claims against Lt. Fuson are dismissed for failure to state a claim upon which relief may be granted. Lt. Fuson allegedly sent Preston to segregation without justification and pursed a disciplinary proceeding against him in violation of the Fourteenth Amendment. The due process clause of the Fourteenth Amendment is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001) (when no recognized liberty or property interest has been taken, the confining authority Ais

free to use any procedures it chooses, or no procedures at all@). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose Aatypical and significant hardship . . . in relation to the ordinary incidents of prison life.@ *Sandin v. Conner,* 515 U.S. 472, 484 (1995). In the Seventh Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997). Insofar as pertinent here, there are no allegations in the complaint to support the conclusion that Preston's confinement in segregation resulted an atypical and significant hardship in relation to the ordinary incidents of prison life. See *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)). Similarly, there is no allegation that the disciplinary proceeding allegedly initiated by Lt. Fuson implicated Preston's protected liberty interests.

Claims against Charlotte Y. Dean, LPN, Cythia Moore-Sivert, LPN, Michelle Kramer, X-Ray Tech are dismissed. Preston alleges that these defendants were negligent in their provision of medical care and violated his right to constitutionally adequate medical care to Preston. The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim under ' 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*). The facts alleged against Charlotte Y. Dean, LPN, Cythia Moore-Sivert, LPN, Michelle Kramer, X-Ray Tech are insufficient to suggest a plausible claim for relief under either the Eighth Amendment or Indiana state law. Instead, the allegations against these defendants show a concern for Preston's health and are void of any element of wrongdoing.[1]

---

[1] The complaint alleges that Charlotte Y. Dean, LPN examined Preston in the Health Care Unit following the altercation with Kendrick. At that time, the right side of Preston's face was swollen and disfigured, his right eye was closed and black, and there was blood draining from his eye socket. Nurse Dean placed steri-stripes on his lacerations and a "contraction to catch the blood coming from [his] nose." Dkt. 1 at p. 3. When Preston asked Dean if he could blow his nose, she replied "no, you might break something." *Id.* Nurse Dean stated that she would make an appointment for Preston to see the doctor. There is no allegation that Nurse Dean delayed Preston's treatment or that she should have or could have done more than what she did to treat Preston's injuries.

The complaint alleges that Cythia Moore-Sivert, LPN examined Preston on September 21, 2010. Moore-Sivert told Preston that by visual examination she could see that his face suffered a

**B.**

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

**III.**

The claims which shall proceed are the following: (1) the state law claim of assault and battery against Offender Kendrick; (2) Eighth Amendment failure to protect claim against Officer R. James; (3) the medical claims of negligence and deliberate indifference against Mr. Harris, the Health Care Administrator, and Dr. O'Brien; and (4) the claim for injunctive relief as to Dr. O'Brien.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue and serve process on the foregoing defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 09/20/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

fracture and that she didn't know why it had taken so long for Preston to be seen. Nurse Moore-Sivert placed an order for an x-ray to be taken and gave Preston ice for his pain. Nurse Moore-Sivert explained that he couldn't see the doctor until he received the x-ray examination. There is no allegation that Nurse Moore-Sivert delayed Preston's treatment or that she should have or could have done more than what she did to treat Preston's injuries on September 21, 2010.
    The complaint alleges that Michelle Kramer, X-Ray Tech. took x-rays of Preston on September 23, 2012. After the x-rays were taken, Ms. Kramer showed Dr. P.J. O'Brien that Preston had a fracture on his nose and right eye. There is no allegation that the x-ray technician delayed Preston's treatment or that she should have or could have done more than what she did to treat Preston.

Distribution:

Corey Preston
871340
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, IN 46135

Deandre Kendrick, DOC # 167253
Officer R. James
Mr. Harris, Health Care Administrator
Dr. O'Brien
All at: Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135